IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| United States of America, | Case No. 3:10 CR 145 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Richard C. Shade, Jr., | |
| Defendant. | |

## INTRODUCTION

*Pro se* Defendant Richard Shade, Jr., a prisoner in federal custody, filed a Motion for Writ of *Audita Querela* (Doc. 54). The Government filed a Response (Doc. 55), and Defendant filed a Reply (Doc. 56). For the reasons stated below, Defendant's Motion is denied.

## BACKGROUND

Defendant pled guilty to wire fraud, mail fraud, interstate transportation of stolen property, engaging in monetary transactions in property derived from specified unlawful activities, and filing false tax returns and, in March 2011, was sentenced to seventy months' imprisonment (Doc. 32). At that time, this Court ordered restitution be determined within ninety days (*id.*). The following month, the Government filed a list of victims with restitution totaling $4,988,983.66 (Doc. 41). Defendant

did not object to this filing and, in May 2011, this Court amended its Judgment to include an order that Defendant pay $4,988,983.66 in restitution (Doc. 46).

In August 2012, Defendant requested leave to file a late Motion to Vacate under 28 U.S.C. § 2255 (Doc. 47). He maintained trial counsel was ineffective for failing to "identify and present accurate victim and loss data to the Government (or to refute the Government's evidentiary presentation on loss)" (Doc. 47-1 at 13). This Court denied the request, finding equitable tolling was not warranted because Defendant's ineffective assistance of counsel claim lacked merit (Doc. 49 at 3–4).

The instant Motion asks this Court to vacate and remand this case for re-sentencing on the question of restitution and for the Government to supply additional proof of loss (Doc. 54 at 4). Defendant contends the restitution amount was not supported by the evidence, and that his attorney intended, but was prevented from, contesting the number of victims and amount of restitution when this Court limited his attorney's "planned presentation" (Doc. 56 at 1). Defendant also asks for discovery, alleging he can demonstrate that "many of the alleged victims were, in fact, not victims at all, having received an equal or greater sum of money" than they invested with Defendant and that some of the victims "had no dealings with [Defendant] whatsoever" (Doc. 56 at 2).

## ANALYSIS

The writ of *audita querela* is an old common law procedure described as "the initial process in an action brought by a judgment defendant to obtain relief against the consequences of the judgment, on account of some matter of defense or discharge, arising since its rendition and which could not be taken advantage of otherwise." 12 Moore's Federal Practice § 60 App. 105 (3d ed. 1997) (quoting *Black's Law Dictionary* 167 (rev. 4th ed. 1968)). The writ has been abolished in civil cases by Federal Civil Rule 60(b). The Supreme Court has held that the Rule 60(b) abolition of the writ of

2

*audita querela* is limited to civil cases, and federal courts have the authority to grant a writ of *audita querela* in criminal cases. *See Morgan v. United States*, 346 U.S. 502, 505–06 (1954). However, this relief is extremely limited. *See Melton v. United States*, 359 F.3d 855, 856 (7th Cir. 2004) (noting that the writ of *audita querela* "has no apparent relevance to criminal sentences"); *United States v. Banda*, 1 F.3d 354, 356 (5th Cir. 1993) (noting that a criminal defendant's reliance on a writ of *audita querela* was a "slender reed upon which to lean" and that "[i]t is an open question whether the obsolescent writ survives as a post-conviction remedy"); *United States v. Kimberlin*, 675 F.2d 866, 869 (7th Cir. 1982) ("Our research has failed to discover any criminal case in which this writ has ever been asked for, let alone issued; it appears to be primarily a remedy of judgment debtors.").

Even if this writ has continued vitality in criminal cases, Defendant would not be entitled to its benefit for several reasons. First, one limitation to *audita querela* relief is that the sentence under attack must be completed prior to such relief being granted. *See Frost v. Snyder*, 13 F. App'x 243, 245 n.1 (6th Cir. 2001); *see also Crayton v. United States*, 2012 WL 4593205, at *2 (W.D. Ky. 2012). Defendant is presently incarcerated serving his sentence. Second, the asserted legal defect in the adjudged sentence must have arisen subsequent to the entry of final judgment. *Frost*, 13 F. App'x at 245. Here, the alleged defect occurred in May 2011 when this Court entered its Amended Judgment to include the restitution amount.

To this end, Defendant claims his counsel was ineffective or this Court denied his counsel the opportunity to raise such challenges, but the record suggests such allegations are patently false. Defendant had ample time and opportunity to challenge the number of victims and restitution figures. This Court granted Defendant a sentencing continuance to enable him to challenge the Government's claimed restitution which in turn could lower the applicable Guidelines range for sentencing (Doc. 14 at 3). When Defendant's attorney filed a Motion to Withdraw because conversations with

3

Defendant had become unproductive and made preparation for sentencing "nearly impossible" (Doc. 15 at 2), this Court denied the Motion but granted another continuance to give Defendant and his attorney more time to prepare (Doc. 17 at 1). When that attorney was later replaced, this Court granted Defendant two more continuances to give new counsel an opportunity to become acquainted with the case and prepare challenges to restitution (Docs. 20 & 24). Defendant again moved for a sentencing continuance, seeking more time to prove, as Defendant's original attorney had sought to prove, there were fewer victims and less loss than that claimed by the Government (Doc. 27 at 4). This Court denied that Motion, but agreed to reconsider if more time was needed at the sentencing hearing itself (Doc. 28).

Furthermore, in its opposition to Defendant's subsequent Motion for a sentence variance, the Government agreed to stipulate, for the purpose of sentencing, that there were fewer than fifty victims (Doc. 30 at 3). This Court postponed a restitution finding, allowing up to ninety days to determine the appropriate amount (Doc. 32).

This Court finds that any alleged defect regarding the amount of restitution was known to Defendant in April 2011 (Doc. 41 at 1), rendering relief under this writ inappropriate. This Court further finds Defendant's allegations that counsel was ineffective or that this Court denied Defendant the opportunity to challenge the amount of restitution meritless.

Finally, to the extent *audita querela* retains vitality, it serves only to plug the gap in the system of federal post-conviction remedies. *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1079 (9th Cir. 2001). If a challenge could have been raised pursuant to 28 U.S.C. § 2255, the writ is unavailable. *Id.* Relief is not permitted because Defendant's Section 2255 motion is procedurally barred. *Frost*, 13 F. App'x at 248 ("It is well settled that a petitioner's remedy under § 2255 is not inadequate merely

because he is procedurally barred from filing a petition under § 2255, because the district court denied his § 2255 petition, or because he was denied permission to file a second petition under § 2255.").

The arguments Defendant raises in his present Motion requesting *audita querela* relief are arguments that he could and, in fact, did attempt to raise in an untimely Section 2255 Motion. Defendant may not circumvent limitations on collateral attacks through a writ of *audita querela*. *See Melton*, 359 F.3d at 857 ("Prisoners cannot avoid the AEDPA's rules by inventive captioning. * * * Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is the substance that controls.") (internal citations omitted).

## CONCLUSION

For all the reasons above, Defendant's Motion for Writ of *Audita Querela* (Doc. 54) is denied. IT IS SO ORDERED.

                                                  s/ *Jack Zouhary*
                                                  JACK ZOUHARY
                                                  U. S. DISTRICT JUDGE

                                                  June 19, 2013